UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>                            Plaintiff,<br><br>v.<br><br>ENRIQUE RAFAEL AMARAL-MEZA,<br><br>                            Defendant. | Case No.: 21-CR-00292-GPC<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br><br>**[ECF No. 345]** |

On March 27, 2023, Enrique Rafael Amaral-Meza ("Defendant"), pled guilty to one count of Possession of Cocaine with Intent to Distribute on Board a Vessel in violation of 46 U.S.C § 70503. ECF No. 318 at 1.[1]  The Court sentenced Defendant to the mandatory minimum of 120-months imprisonment. *Id*. at 2; 46 U.S.C. § 70506(a); 21 U.S.C. § 960(b)(1).  On November 13, 2023, Defendant filed a motion seeking a reduction of his sentence under 18 U.S.C. § 3582(c)(2) pursuant to the recent zero-point offender provision of U.S.S.G. § 4C1.1.  ECF No. 345 at 1.  The government filed a response in opposition — arguing that Defendant's sentence is ineligible for reduction because of the statutory mandatory minimum. ECF No. 350 at 1.

A defendant is eligible to receive the benefit of a retroactive two-point offense

---

[1] Citations reflect CM/ECF pagination.

level reduction if the defendant is a zero-point offender, meaning they "present zero criminal history points and satisfy the criteria listed in U.S.S.G. § 4C1.1(a)." *United States v. Valenzuela*, 2024 WL 281644, at *1 (E.D. Cal. Jan. 25, 2024).  However, even if a defendant meets the § 4C1.1(a) requirements, a "court may not impose a sentence below the minimum of the amended guidelines range unless the defendant received a substantial assistance departure." *United States v. Hernandez*, No. 12-cr-4965, 2024 WL 1207455, at *1 (S.D. Cal. Feb. 29, 2024).

While Defendant is a zero-point offender, the Court declines to grant his motion for a two-point level reduction.  The Court sentenced Defendant to 120-months imprisonment in accordance with the statutory minimum. ECF No. 318 at 2; 46 U.S.C. § 70506(a); 21 U.S.C. § 960(b)(1). Therefore, even with § 4C1.1(a) applied, the Court is unable to reduce Defendant's imposed sentence any further.

For the reasons set forth, the Court **DENIES** Defendant's motion reduce his sentence under 18 U.S.C. § 3582(c)(2).

The Court also **DENIES** Defendant's request for the appointment of counsel to assist with this motion.

**IT IS SO ORDERED.**

Dated:  April 3, 2024

Hon. Gonzalo P. Curiel
United States District Judge